Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED

Anthony L. Franchitto
7705 Romaine Street #4
Los Angeles, California,
90046

323-822-9442

# UNITED STATES DISTRICT COURT

2017 APR 25  PM 3: 39

for the

Central District of California

Western Division

|  |  |
|---|---|
| ANTHONY L. FRANCHITTO | ) Case No. |
| *Plaintiff(s)* | ) (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. | ) |
| If the names of all the plaintiffs cannot fit in the space above, | ) CV 17-03104 SVW (JPRx) |
| please write "see attached" in the space and attach an additional | ) |
| page with the full list of names.) | ) |
| -v- | ) |
| | ) |
| GOLD LAW, APC, and | ) |
| Does    1-10 | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the | ) |
| names of all the defendants cannot fit in the space above, please | ) |
| write "see attached" in the space and attach an additional page | |
| with the full list of names.) | |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | ANTHONY L. FRANCHITTO |
| Street Address | 7705 Romaine St, Apt 4 |
| City and County | West Hollywood, Los Angeles |
| State and Zip Code | California 90046 |
| Telephone Number | 323 822 9442 |
| E-mail Address | TonyFranchitto@msn.com |


PAID
APR 2 5 2017
Clerk, US District Court
COURT 4612

Page 1 of 7

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | GOLD LAW, APC |
| Job or Title *(if known)* | Law Firm |
| Street Address | 484 Mobil Ave. Suite 26 |
| City and County | Camarillo, Ventura |
| State and Zip Code | California 93010 |
| Telephone Number | 805-388-8800 |
| E-mail Address *(if known)* | hg@goldlawcorp.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 USC Section 1692

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____, is a citizen of

the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under
the laws of the State of *(name)* _____, and has its
principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.    The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

        ┌──────────────────────────────────────────────┐
        │                                                │
        │                                                │
        └──────────────────────────────────────────────┘

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

    ┌──────────────────────────────────────────────────┐
    │ California                                          │
    │                                                    │
    └──────────────────────────────────────────────────┘

B.    What date and approximate time did the events giving rise to your claim(s) occur?

> March 9, 2017; April 12, 2017
> Also, see Plaintiff's Verified Complaint herein.

C.   What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what?
     Was anyone else involved?  Who else saw what happened?)*

> 1. Defendant attempt to collect on an alleged debt that was not first validated.
> 2. Defendant failed to make a proper respond to Plaintiff's Notice of Dispute.
> 3. Defendant produced no valid evidence to support their claims in county court.
> 4. Defendant failed to produce a proper accounting of the alleged debt.
> 5. Defendants used deceptive and false claims in its attempt to collect an alleged debt. Those claims
> included demand letters.

## IV.   Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you
sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation
could not be measured.

> Plaintiff's credit is beeing damaged by the acts of the Defendants.
> Plaintiff continually faces the fear of a court action.
> Plaintiff faces court judgment and garnishment.
> Plaintiff has been made to expend money to defend the unlawful action of the Defendants. Expenses include, but
> are not limited to, actual costs and research time.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Declaratory judgment deeming Defendants actions are in violation of law.
Injunctive relief to stop the continuing unlawful attempt of judicial abuses against Plaintiff. Defendant has not validated and verified their alleged claim of debt.
Actual damages in the amount of $1,000 for each law violation, pursuant to 15 USC Section 1692(k).
Statutory damages in defending court action pursuant to 15 USC Section 1692(k)(a).
Punitive damages in the amount of $2,000 from Defendant due to Defendant's abuse of process and rights.
Also, see Plaintiff's Verified Complaint herein.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/25/17

Signature of Plaintiff

Printed Name of Plaintiff  Anthony L. Franchitto

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

ANTHONY L. FRANCHITTO,

    Plaintiff,                   Case No.

-v-

GOLD LAW, APC, and
Does 1-20, to 1-10

    Defendants.

## VERIFIED COMPLAINT

### I. INTRODUCTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") which prohibits collectors from engaging in deceptive and unfair practices. Defendant is a "debt collector" under the FDCPA. Defendant had sent to plaintiff collection letters which are false and deceptive, thereby violating the FDCPA. Plaintiff seeks damages and other relief.

### II. JURISDICTION

2. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

VERIFIED COMPLAINT  Page 1 of 14

### III. PARTIES

3. Plaintiff Anthony L. Franchitto (hereinafter "plaintiff") is a consumer who resides at

7705 Romaine St, Apt 4, West Hollywood, CA 90046.

4. Defendant Gold Law, APC (hereinafter "GOLD") is a California entity with an office for

the regular transaction of business at 484 Mobil Ave, Suite 26, Camarillo, CA 93010.

5. Defendants Does 1-20 are currently unknown to plaintiff. Complaint will be amended

when facts are discovered.

6. GOLD regularly uses the mail and telephone to attempt to collect consumer debts

alleged to be due another.

7. GOLD is "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C.

§1692a(6).

### IV. STATEMENT OF CLAIM

8. On March 9, 2017, GOLD, in an attempt to collect a consumer debt, sent the plaintiff

a collection letter concerning a debt that was allegedly owed in the amount of

$6,990.56. A true and correct copy of the letter from GOLD to plaintiff is attached hereto

as **Exhibit "A"**.

9. The collection letter from GOLD demands payment arrangements by the consumer

and states: "Please recognize that this letter is your final opportunity to either pay the

obligation in full or arrange a mutually satisfactory payment plan." The letter goes on to

state "In that regard, we urge you to immediately contact Lula Lusk within thirty (30)

days from receipt of this letter..." And further states "Please be advised that should the

Credit Union file a legal action against you to collect the balance owed, that legal action

could result in a judgment against you that would include the costs and other necessary disbursements as allowed under Cal. Code of Civil Procedure section 1033."

10. Said letter stated "Please fully understand that you will not be receiving a series of letters from our offices regarding your default."

11. The statements in and import of the letter to the consumer is that unless payment arrangements are made within thirty (30) days, the consumer should expect legal action as a result.

12. The statements in the letter are false and misleading. Failure to respond within thirty (30) days would not (and did not) result in a legal suit being filed for collection.

13. Plaintiff did not have 30 days to make arrangement for payment. The deadline was false and overstated. No such deadline existed.

14. The statement in the collection letter that "you will not be receiving a series of letters" and "this letter is your final opportunity" are false and misleading. The failure to "arrange a mutually satisfactory payment plan." did not result in a legal action within the 30 days. Instead, GOLD sent plaintiff another letter dated April 12, 2017, and is attached hereto as **Exhibit "B"**.

15. At the end of the March 9, 2017 collection letter, it was stated: "Please be advised that in its capacity as legal counsel, this office may be a debt collector and any information collected may be used for that purpose." GOLD is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

16. On or about April 4, 2017, Plaintiff caused to be sent a Notice of Dispute pursuant to 15 USC. §1692g(b), to Defendants GOLD, in which Plaintiff demanded validation of the alleged debt. See **Exhibit "C"**.

17. On April 12, 2017, GOLD, in an attempt to collect a consumer debt, sent the plaintiff a second collection letter concerning a debt which stated "…we are the attorney of record for the Credit Union in connection with their right stemming from your financial obligations, which is now in a default of the terms."

18. The statements in the collection letters were designed to coerce and intimidate the consumer into prompt payment by false threat of legal action.

19. The collection letters constitute false statements or implications that legal action is imminent, when such is not the case.

20. Pursuant to 15 USC. §1692g(b), debt collectors are required to properly, and legally validate an alleged debt of a consumer when demanded to do so by the consumer.

## V. ALLEGATIONS

21. Plaintiff brings this action on his own behalf.

22. There are questions of law or fact. These include:

(a) Whether GOLD violated 15 U.S.C. §§1692e, 1692e(5) by misrepresenting the imminence of a lawsuit;

(b) Whether GOLD violated 15 U.S.C. §§1692e, 1692e(5) by misrepresenting that the consumer's account would be litigated if payment arrangements are not made within thirty (30) days;

(c) Whether GOLD otherwise violated §1692e by sending out the collection letters complained of, which were false, deceptive or misleading.

(d) Whether GOLD was required to properly and legally validate the alleged debt, so that plaintiff could sufficiently dispute the allegations.

23. In a letter from SAG-AFTRA, dated March 17, 2017, it was stated: "SAG-AFTRA (Screen Actors Guild – American Federation of Television and Radio Artists) has received a notice from the AFTRA-SAG Federal Credit Union ("ASFCU") and a demand that SAG-AFTRA route all of your residuals check to ASFCU."

24. Upon information and belief, said March 17, 2017 letter is evidence that GOLD, on behalf of ASFCU, and at the direction of GOLD, has placed a restraint on plaintiff's residual funds held in SAG-AFTRA UNION. See attached **Exhibit "C**

25. Said March 17, 2017 letter is prima facie evidence that GOLD acted in a collection effort before the thirty (30) day deadline had expired, evidencing further that GOLD misrepresented the facts in an effort to deceive plaintiff. All in violation of 15 U.S.C. §1692.

26. GOLD has failed to properly, and legally provide validation of the alleged debt in question.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

## VI. CAUSE OF ACTION

27. Paragraphs 1 through 26 are incorporated herein.

28. GOLD, by mailing or causing to be mailed collection letters in the form of **Exhibits "A"** and **"B"** to plaintiff, have violated 15 U.S.C. §1692e by using false, deceptive or misleading representations and means in connection with the collection of consumer debt as set forth above.

29. GOLD, by mailing or causing to be mailed collection letters in the form of **Exhibits "A"** and **"B"** to plaintiff, had violated 15 USC. §1692g(b) by not properly, timely and legally validating the alleged debt in question.

VERIFIED COMPLAINT  Page 5 of 14

30. GOLD continued collection activity _after_ receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b).

## VII. LEGAL ARGUMENT
## VALIDATION

31. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See _Fields v. Wilber Law Firm, P.C._, 383 F.3d 562 (7th Cir. 2004); _Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,_ 758 F.3d 777 (6th Cir. 2014); _Pacific Concrete F.C.U. v. Kauanoe,_ 62 Haw. 334, 614 P. 936 (1980); _GE Capital Hawaii, Inc v. Yonenaka,_ 25 P.3d 807, 96 Hawaii 32, (Conn. Super. 2000); _Twon of Brookfield v. Candlewood Shores Estates, Inc.,_ 513 A.2d 1218, 201 Conn. I (1986); _Sasscer v. Donnelly,_ No. 3:10cv464, 2011 WL 1522320 (M.D. Pa. Apr. 20, 2011)(validation must match exactly what the debt collector is demanding); _and Solon v. Godbole,_ 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendant never complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect, yet continued their collection activities. **A debt collector verifies a debt by providing information that is responsive to the consumer's request.** See H.R. Rep. No. 31, 95th Cong. 1st Sess. 5 1977. At NO time did the Defendants begin to attempt to properly and lawfully validate the alleged debt as demanded by Plaintiff.

> "The Court concluded despite the affidavit, the verification response was insufficient because 'Dunham had no way to know when or to whom he had incurred the debt and whether the debt was still owed . . . . Simply repeating second-or third-hand information in the debt collector's file . . . is insufficient under the statute.'"
> _Dunham v. Portfolio Recovery Assocs., LLC,_ No. 4:09CV00086 JHL, 2009 WL 3784236, at *2 (E.D. Ark. Nov. 10, 2009) (quoting _Semper v. JBC Legal Group,_ No. C04-2240L, 2005 WL 2172377, at *4 (W.D. Wash. Sept. 6, 2005)).

VERIFIED COMPLAINT Page 6 of 14

In *Haddad, supra,* (cert denied 133 S.Ct. 1726) the Sixth Circuit expanded the requirement for how a debt collector must respond to a debtor's request for verification of a debt under FDCPA. In overturning the District Court, the Circuit determined that the law firm had not properly verified the debt <u>before</u> resuming collection activity in violation of 1692g(b). The law firm failed the test because it did not provide information about the nature of the debt that was in dispute.

> "Such verification cannot be enough under the FDCPA, a statute intended to protect consumers. The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." *Haddad v. AZDF*, 758 F.3d 777 (6th Cir. 2014)

In announcing this new standard for verification, the Sixth Circuit reviewed other Circuit's rulings on the same issue and found that those courts had interpreted "verification" as requiring "nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed" and that "the debt collector is not required to keep detailed files of the alleged debt." Id. at * 13-19 (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999); see also, *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006)). However, the Court was quick to point out that in each of those cases and in others the debt collectors had gone beyond the standard verification requirement by sending itemized statements to the debtors which provided sufficient information to allow the consumer to dispute the debt. Id. at * 19.

VERIFIED COMPLAINT  Page 7 of 14

The Sixth Circuit then turned to the 8th Circuit's treatment of verification in *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997 (8th Cir. 2011). There, the debt collector did not obtain additional information from the creditor to verify the debt; it responded to the dispute by confirming the debtor's name, address, last four digits of his social security number, the outstanding balance of the debt, the date the debt was incurred, and the date the current creditor had purchased the debt. Id. at * 17. The 6th Circuit explained that the 8th Circuit held that the information provided to the consumer was sufficient verification because it provided enough information to put the consumer on notice that he was not the debtor when he realized that the last four digits of his social security number were different from that of the actual debtor. Id. at * 18-19. It was important to the 6th Circuit that although the 8th Circuit declined to set a higher threshold for verification than that in *Chaudhry* and *Clark*, it also noted that "under different facts, perhaps a debt collector must do more than what the debt collector did here." Id. at * 19 (citing *Dunham* at 1003).

The Sixth Circuit's verification standard appears similar to that of the 8th Circuit. It seems to have adopted the *Dunham* Court's interpretation of "verification" in which it did not attach a specific action to "verification" (such as confirming the amount owed) but ruled that "the verification requirement was satisfied where the debtor could sufficiently dispute the payment obligation." Id. at * 19-20. The Sixth Circuit's adoption of this standard appears to be driven by its conclusion that what is sufficient for verification "depends on the facts of a particular situation..." Id. at *19. In the instant case, the Defendant failed to properly and legally validate the alleged debt.

Although it did not articulate a bright line test for "verification," the Sixth Circuit offered guidance about what it believes would suffice. For example, in those cases where the debtor appears to acknowledge the account belongs to him but disputes owing the balance or any portion of it, the Sixth Circuit stated that "an itemized accounting detailing the transaction in an account that has led to the debt is often the best means of accomplishing that objective." Id. at * 19. Then the Sixth Circuit, stating that it believed it was making the debt collector's job easier, said that the information used to verify a debt "does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on certain date." Id. at * 19.

Debt collectors must address several issues in light of Haddad to ensure their compliance management systems are updated to meet this new verification standard and otherwise comply with Section 1692g(b). First, because credit reporting may be considered collection activity, debt collectors should not furnish information to the credit reporting agencies until the validation/verification period has expired and the debt collector has not received a dispute. Then the debt collector won't have to request deletion of the trade-line to avoid violating § 1692g(b) in the event it cannot validate the account.

Second, the debt collector must determine the nature of the dispute to know whether proper verification can be provided. The Sixth Circuit's somewhat flexible standard allows for different types of verification depending on the nature of the dispute. For example, where a person claims he is not the debtor but does not provide identification

16

sufficient to support his claim, the debt collector could provide summary information about the account and the last four digits of the responsible party's social security number. Such notice would allow the person to determine that he is, in fact, not the debtor the collector is seeking.

That type of verification will clearly not suffice in response to a debtor who is the right person but disputes the balanced owed, or any portion of it. Verification of that debt will most likely require "an itemized accounting detailing the transaction in an account that has led to the debt." If the debt collector is unsure of the nature of the dispute, nothing prevents it from trying to find out more about the dispute provided the debt collector does not try to collect (including furnishing information to the credit reporting agencies) the debt in the interim. And, of course, there is always the option of closing the account in response to the dispute as permitted by §1692g(b).

Pursuant to 15 U.S.C. §1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from debt collector that the debt is disputed, "the debt collector **shall cease** collection of the debt…until the debt collector obtains verification of the debt…and a copy of such verification…is mailed to the consumer." (Emphasis added) As stated by the Sixth Circuit in *Purnell v. Arrow Financial Services LLC*, 303 Fed.Appx. 297, 304 (2008), a debt collector who receives a demand for verification "has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume collection activities once the requested validation has been provided. We find that the language of §1692g(b) dictates that each 'failure' to cease' collection activity without having validated the debt – like each 'communication' of false credit information under

VERIFIED COMPLAINT  Page 10 of 14

§1692e(8) – presents a discrete claim for violation of the FDCPA..." In the instant case,

Defendant violated the FDCPA by not validating the alleged debt prior to the threat to

file a judicial action against Plaintiff. See *Haddad v. AZDF*, 758 F.3d 777 (6th Cir. 2014).

32.     As previously mentioned, the FDCPA is a strict liability statute and "Because the

Act imposes strict liability, a consumer need not show intentional conduct by the debt

collector to be entitled to damages." The argument of no duty to send a validation letter

fails in light of the fact that Defendants did NOT provide validation of the alleged debt.

33.     The fact that Defendants made a faulty presumption that they are not required to

validate the debt and violated 15 U.S.C. §1692 does not excuse them from liability

under a bona fide error defense as stated in *Jerman v. Carlisle,* 559 U.S. 573 (2010),

and other well established case law.

## STATUTE CONSTRUED
### A.   THE FDCPA IMPOSES A STRICT LIABILITY STANDARD

34.     The FDCPA, 15 U.S.C. §1692, et seq., is a strict liability statute, *Taylor v. Perrin,*

*et al*, 103 F.3d 1232 (5th Cir. 1997); see also *Irwin v. Mascott*, 112 F.Supp. 2d 937

(N.D. Cal. 2000), *Pitman v. J.J. MacIntyre Co. of Nevada, Inc.,* 969 F.Supp. 609 (D.

Nev. 1997). "Because the Act imposes strict liability, a consumer need not show

intentional conduct by the debt collection to be entitled to damages." *Russell v. Equifax*

*A.R.S.* 74 F.3d 30, 33-34 (2nd Cir. 1996)

### B.   THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS

35.     The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana,*

*Inc.,* 310 F.3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that

VERIFIED COMPLAINT  Page 11 of 14

18

courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d

1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C. §1601 et seq., is a remedial statute, it should be construed liberally in favor of

the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). See

e.g., *Pfennig v. Household Credit Servs., Inc.*, 286 F.3d 340, 344 (6th

Cir.2002) (TILA); *Rossman v. Fleet Bank Nat'l Assoc.*, 280 F.3d 384, 390 (3d

Cir.2002) (TILA); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th

Cir.1998) (TILA); *Plummer v. Gordon*, 193 F.Supp.2d 460, 463 (D.Conn.

2002) (FDCPA); *Ross v. Commercial Fin. Servs.*, 31 F.Supp.2d 1077, 1079 (N.D.Ill.

1999) (FDCPA); *Harrison v. NBD, Inc.*, 968 F.Supp. 837, 844 (E.D.N.Y.1997)(FDCPA).

### C. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT

36.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute

which prohibits a catalog of activities in connection with the collection of a debt by third

parties. See 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or

entity that violates it provisions, and established general standards of debt collector

conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. §1692k.

The operative provisions of the FDCPA declare certain rights to be provided to or

claimed by debtors, forbid deceitful and misleading practices, both generally and in a

specific list of disapproved practices, and prohibit harassing and abusive tactics both

generally and in a specific list of disapproved practices. See §1692e(10): "The use of

any false representation or deceptive means to collect or attempt to collect any debt..."

GOLD caused to be collection letters, (a communication) in deceptive form in violation of 15 U.S.C. §1692j. Defendant GOLD, as admitted debt collectors are prohibited in bringing a legal action, and are in violation of 15 U.S.C. §1692i(b).

**WHEREFORE,** plaintiff prays that this Court enter a judgment for plaintiff, against GOLD by:

(a) adjudging that GOLD violated the FDCPA;

(b) awarding statutory damages to plaintiff provided by 15 U.S.C. §1692k,, in the amount of $1,000.00;

(c) awarding plaintiff costs and reasonable attorney's fees;

(d) granting such other relief as may be deemed just and proper;

(e) enjoining GOLD from restraining plaintiff's residuals checks; and

(f) enjoining GOLD from restraining plaintiff's UNION SAG-AFTRA residuals.

Plaintiff reserves the right to amend this Complaint when facts present themselves.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted this _24TH_ day of _April_ , 2017.

Anthony L. Franchitto, Plaintiff, In Pro Per

VERIFIED COMPLAINT  Page 13 of 14

## **VERIFICATION**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I have read the foregoing Complaint, and knows its contents.

I am the Plaintiff, a party to this action, and am authorized to make this verification. The matters stated in the foregoing document are true and of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Anthony J. Franchitto, Plaintiff, In Pro Per

*EXHIBIT A*
*Pg 1/2*

# GOLD LAW, A Professional Corporation

484 Mobil Avenue, Suite 26
Camarillo, California 93010
Telephone: (805) 388-8800
Facsimile: (805) 987-7058

www.goldlawcorp.com
hg@goldlawcorp.com
mg@goldlawcorp.com
ld@goldlawcorp.com

SENT VIA U.S. MAIL

March 9, 2017

Anthony L. Franchitto
7705 Romaine Street, Apt #4
West Hollywood, CA 90046

RE:   **SAG-AFTRA Federal Credit Union**
Formerly Known as **AFTRA-SAG FEDERAL CREDIT UNION**
NOTICE OF ATTEMPT TO COLLECT DEBT
Account Number:         3818-30
Current Account Balance:   $6,990.56

Dear Anthony Franchitto:

Please be advised this office represents SAG-AFTRA Federal Credit Union Formerly Known as AFTRA-SAG FEDERAL CREDIT UNION in connection with their legal rights stemming from your financial obligations now resulting in a default in terms. Please fully understand that you will not be receiving a series of letters from our offices regarding your default. This letter is sent to you in the hopes that we may amicably resolve your financial obligation.

Please recognize that this letter is your final opportunity to either pay the obligation in full or arrange a mutually satisfactory payment plan. In that regard, we urge you to immediately contact Lula Lusk within thirty (30) days from receipt of this letter at (818) 562-3412.

You should recognize that unless you notify this office, in writing, within thirty (30) days after your receipt of this letter that you dispute all or any portion of the validity of this debt, we will assume it to be valid. If you dispute all or any portion of the validity of the debt within the thirty (30) day period, we will verify the debt in writing to you by mail. Additionally, if you believe that SAG-AFTRA Federal Credit Union Formerly Known as AFTRA-SAG FEDERAL CREDIT UNION is not the original creditor and you make a written request within the thirty (30) day period, we will provide you with the name and address of the original creditor, if appropriate. Please review your original documents relating to your indebtedness. These documents clearly provide that SAG-AFTRA Federal Credit Union Formerly Known as AFTRA-SAG FEDERAL CREDIT UNION has the legal right to be reimbursed for attorney fees and costs incurred in collecting this obligation.

Please be advised that should the Credit Union file a legal action against you to collect the balance owed, that legal action could result in a judgment against you that would include the costs and other necessary disbursements as allowed under Cal. Code of Civil Procedure section 1033.

*EXHIBIT A*
*PG 2/2*

Letter to Anthony L. Franchitto
March 9, 2017
Page Two

We highly recommend that you consult with independent counsel at your earliest opportunity. Be governed accordingly.

Yours very truly,
GOLD LAW
A Professional Corporation

Marissa Garcia, Esq.

**Please be advised that in its capacity as legal counsel, this office may be a debt collector and any information collected may be used for that purpose.**

MG/cam
cc: L. Lusk, SAG-AFTRA C.U.

*EXHIBIT B*
*PG 1/3*

# GOLD LAW, A Professional Corporation

484 Mobil Avenue, Suite 26                          www.goldlawcorp.com
Camarillo, California 93010                         hg@goldlawcorp.com
Telephone: (805) 388-8800                           mg@goldlawcorp.com
Facsimile: (805) 987-7058                           ld@goldlawcorp.com

SENT VIA U.S. MAIL

April 12, 2017

Anthony L. Franchitto
7705 Romaine Street, Apt #4
West Hollywood, CA 90046

> Re:   Creditor: SAG-AFTRA Federal Credit Union fka AFTRA-SAG Federal Credit Union
>       Debtor: Anthony L. Franchitto
>       Account Number: 3818-30

Dear Mr. Franchitto:

As a reminder, this office represents SAG-AFTRA Federal Credit Union formerly known as
AFTRA-SAG Federal Credit Union ("Credit Union") in regards to the above referenced matter.

We have received and reviewed your letter to our office and we have reviewed your letter to
Roger Runyon, CEO/President of the Credit Union, both dated April 4, 2017. This letter is in
response to both letters. Be advised that as the Credit Union is represented by counsel, all
future correspondence regarding this matter should be directed to this office.

Be further advised that our office is not a Creditor, nor a successor in interest. We are not a
collection agency, nor have we bought or been "assigned" this debt. As previously stated in my
letter to you dated March 9, 2017, we are the attorney of record for the Credit Union in
connection with their legal rights stemming from your financial obligations, which is now in a
default of the terms.

As you should recall, in approximately December 4, 2014, you applied for a loan directly with
the Credit Union in the amount of $10,000.00. The Credit Union is the original creditor on
the above referenced account.

In response to your request for verification of debt, I have enclosed copies of the following
documents:

1. Membership Application, dated January 21, 1999 (with a copy of your Virginia driver's
   license attached) – signed by you;

2. Approval Notice, dated December 4, 2014;

3. Closed-End Note, Disclosure, Loan and Security Agreement, dated December 4, 2014–
   signed by you;

4. Update to Membership Application, dated September 19, 2016 – signed by you;

5. Credit Union Statement – Statement Period 12/1/2014 thru 12/31/2014;

24

*EXHIBIT "B"*
*PG 2/3*

Letter to Anthony L. Franchitto
April 12, 2017
Page Two

6. Credit Union Statement – Statement Period 1/1/2015 thru 1/31/2015;

7. Credit Union Statement – Statement Period 2/1/2015 thru 1/28/2015;

8. Credit Union Statement – Statement Period 3/1/2015 thru 3/31/2015;

9. Credit Union Statement – Statement Period 4/1/2015 thru 4/30/2015;

10. Credit Union Statement – Statement Period 5/1/2015 thru 5/31/2015;

11. Credit Union Statement – Statement Period 6/1/2015 thru 6/30/2015;

12. Credit Union Statement – Statement Period 7/1/2015 thru 7/31/2015;

13. Credit Union Statement – Statement Period 8/1/2015 thru 8/31/2015;

14. Credit Union Statement – Statement Period 9/1/2015 thru 9/30/2015;

15. Credit Union Statement – Statement Period 10/1/2015 thru 10/31/2015;

16. Credit Union Statement – Statement Period 11/1/2015 thru 11/30/2015;

17. Credit Union Statement – Statement Period 12/1/2015 thru 12/31/2015;

18. Credit Union Statement   Statement Period 1/1/2016 thru 1/31/2016;

19. Credit Union Statement – Statement Period 2/1/2016 thru 2/29/2016;

20. Credit Union Statement – Statement Period 3/1/2016 thru 3/31/2016;

21. Credit Union Statement   Statement Period 4/1/2016 thru 4/30/2016;

22. Credit Union Statement – Statement Period 5/1/2016 thru 5/31/2016;

23. Credit Union Statement – Statement Period 6/1/2016 thru 6/30/2016;

24. Credit Union Statement – Statement Period 7/1/2016 thru 7/31/2016;

25. Credit Union Statement – Statement Period 8/1/2016 thru 8/31/2016;

26. Credit Union Statement – Statement Period 9/1/2016 thru 9/30/2016;

27. Credit Union Statement – Statement Period 10/1/2016 thru 10/31/2016;

28. Credit Union Statement – Statement Period 11/1/2016 thru 11/30/2016;

29. Credit Union Statement – Statement Period 12/1/2016 thru 12/31/2016;

30. Credit Union Statement – Statement Period 1/1/2017 thru 1/31/2017;

31. Credit Union Statement – Statement Period 2/1/2017 thru 2/28/2017;

32. Credit Union Statement – Statement Period 3/1/2017 thru 3/31/2017.

Please review the attached documents relating to your indebtedness. The attached documentation should more than verify the debt owed. Be advised that these documents clearly provide that the Credit Union has the legal right to be reimbursed for attorney fees and costs incurred in collecting this obligation.

Be further advised that should the Credit Union file a legal action against you to collect the balance owed, that legal action could result in a judgment against you that would include the costs and other necessary disbursements as allowed under Cal. Code of Civil Procedure section 1033.

*EXHIBIT*
*PG 3/3*

Letter to Anthony L. Franchitto
April 12, 2017
Page Two


Nothing in this letter should be construed as a waiver of any legal and/or equitable rights or remedies the Credit Union is entitled to.  We again recommend that you consult with independent counsel at your earliest opportunity.  Be governed accordingly.


Yours Very Truly,
GOLD LAW,
A Professional Corporation


Marissa Garcia, Esq.


Enclosures
cc: client
franchitto. ltr to debtor re debt 04.12.2017

26

*EXHIBIT C*

*PG 1/5*

Anthony Franchitto
7705 Romaine Street, Suite 4
Los Angeles, Ca, 90046

Gold Law, A Professional Corporation
484 Mobile Avenue, Suite 26
Camarillo, California  93010                                    April 4, 2017

**Registered mail**
RE: SAG-AFTRA Federal Credit Union, Formerly known as AFTRA-SAG Federal Credit Union
**Account No. 3818-30**

 **To Whom It May Concern:**

Be advised this is not a refusal to pay, but a notice sent pursuant to the **Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq.**, and the **Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq.** that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address or any other personal identifiers, but a request for **VALIDATION** made pursuant to the above named Titles and Sections.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have reported invalidated information to any of the three major credit bureaus (Equifax, Experian, and Trans Union); this action might constitute fraud under both federal and state laws. Due to this fact, if any negative mark is found to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

**Please provide the following:**

1. Agreement with your client that grants you the agent authority to collect on this alleged debt.

27

*EXHIBIT C*

*2/5*

2. Agreement that **bears the signature** of the alleged debtor wherein he/she agreed to pay GOLD LAW, A Professional Corporation, and or an agreement showing I agree to pay a creditor and or their agent.

3. A copy of your oath of office confirming you are not violating **15 USC §1692(e) 3**, and establishing your legal standing to collect anything from me.

4. Any insurance claims been made by any creditor regarding this account.

5. Any judgments obtained by any creditor regarding this account that gives you the right to collect anything from me.

6. Name and address of alleged original creditor.

7. Name on file of alleged debtor.

8. Alleged account number.

9. Address on file for alleged debtor.

10. Amount of alleged debt and what it is for.

11. Date this alleged debt became payable.

12. If the account is charged off, the date of original charge off or delinquency.

13. Verification that this debt was assigned or sold to collector.

14. If this debt has been assigned to collector, please provide the commission amount if collection efforts are successful.

15. If this debt has been sold to collector, please provide the price for which it was sold, and proof of sale. Include all trailing documents identifying the SELLER you purchased it from and ALL PREVIOUS OWNERS.

16. Agreement between your agency and I of any contractual or debtor/creditor arrangement.

17. Complete accounting of alleged debt showing how you specifically calculated the entire amount of what you say I owe.

18. Copies of any and all **account level documents** that show I agreed to pay what you say I owe to include **original signatures**.

If your offices are able to provide the proper documentation as requested, I will require at least 30 days after receipt to investigate this information and during such time all collection activity must cease.

If your offices fail to respond to this validation request **within 30 days from the date of your receipt**, all references to this account must be deleted and completely removed from my credit files with the credit reporting agencies, and a copy of such deletion request shall be sent to me immediately. You are to cease all collection efforts as delineated under **15 USC § 1692g Sec. 809 (b) of the FDCPA** until proper validation is provided.

I would also like to request that no telephone contact be made by your offices to me, my home, or to my place of employment.  If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.  Thank you very much.

**Best regards,**


Sincerely _____
Anthony Franchitto, **Signed without prejudice**


Cc:

1. **Equifax**

   **Attention: Richard F. Smith / Chairman and CEO**

   P.O. Box 740241, Atlanta GA 30374


2. **Equifax Information Services LLC**

   P.O. Box 740256, Atlanta GA 30374


3. **Experian Corporate Headquarters**

   **Attention: Don Robert / Chairman**

   475 Anton Blvd., Costa Mesa CA 92626


4. **Experian Corporate Headquarters**

   **Attention: Don Robert / Chairman**

   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**

    P.O. Box 4500, Allen TX  75013


6. **TransUnion**

    **Attention: James M. Peck / CEO & President**

    555 W. Adams Street, Chicago IL 60661


7. **TransUnion Consumer Solutions**

    P.O. Box 2000, Chester PA 19022-2000


8. **Consumer Financial Protection Bureau**

    **Attention: Enforcement Division**

    1700 G Street NW, Washington DC 20552


9. **Federal Trade Commission**

    **Attention: Bureau of Consumer Protection**

    600 Pennsylvania Avenue NW, Washington DC 20580

EXHIBIT C
5/5

## AFFIDAVIT: VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1.      That I have the requisite knowledge of the facts regarding "SAG-AFTRA Federal Credit Union, Formerly known as AFTRA-SAG Federal Credit Union, **Account No.** 3818-30" including the loan agreement, account ledgers and bookkeeping entries;

2.      That SAG-AFTRA Federal Credit Union does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Loan holder's signed receipts, promises to pay, notes, or other instruments;

3.      That SAG-AFTRA Federal Credit Union used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Loan holder;

4.      That SAG-AFTRA Federal Credit Union did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Loan holder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5.      That SAG-AFTRA Federal Credit Union incurred financial losses and has been damaged in the amount of $6,990.56, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Loan holder;

6. When accounts are 90 days or more overdue, SAG-AFTRA Federal Credit Union does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7. That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Loan holder in the loan agreement and promissory note;

8. That SAG-AFTRA Federal Credit Union is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9. That I have personal knowledge that the loan agreement and promissory notes were not altered or forged in any way.

### ATTESTATION
The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                             Day of_____, 2_____ .

_____               The State of_____

                                             County of_____

_____
Print Name & Title

                                             _____
                                             Signature & Seal of Notary

31

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
*ANTHONY L. FRANCHITTO*

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
*Gold Law APC and Does 1-10*

**(b) County of Residence of First Listed Plaintiff** *Los Angeles*
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** *Ventura*
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
*Anthony Franchitto
7705 Romaine St. #4
Los Angeles, California 90046
323-822-8442*

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff
[X] 3. Federal Question (U.S. Government Not a Party)
[ ] 2. U.S. Government Defendant
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multidistrict Litigation - Transfer
[ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT:** $ *3,500.00 & Costs*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*Violations of 15 USC 1692: Deceptive Practices and Failure to Comply with Statutes*

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property |  | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. |  | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [X] 480 Consumer Credit | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV |  | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 890 Other Statutory Actions | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other |  |
| [ ] 893 Environmental Matters | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** |  |
| [ ] 895 Freedom of Info. Act | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act |  |
| [ ] 896 Arbitration | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations |  |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 220 Foreclosure | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accommodations | [ ] 740 Railway Labor Act |  |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act |  |
|  |  |  | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation |  |
|  |  |  | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY:** Case Number: **CV 17-03104**

CV-71 (07/16)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *WESTERN DIVISION* |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a).  IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
                                                                                                                          ☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐     A.  Arise from the same or a closely related transaction, happening, or event;

☐     B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐     C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐     A.  Arise from the same or a closely related transaction, happening, or event;

☐     B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐     C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of
          labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _~Cynthia Frent~_____   DATE: _4/25/17_____

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |